**UNION L.P. GAS SYSTEMS, INC., Appellant,**

v.

**INTERNATIONAL SURPLUS LINES INSURANCE COMPANY, INC., Appellee.**

**No. 88–1947.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.
Decided March 13, 1989.

---

Ronald Lynn Myers, Springfield, Mo., for appellant.

John G. Newberry, Springfield, Mo., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

MAGILL, Circuit Judge.

This declaratory judgment action concerns a dispute over insurance coverage for payment of punitive damages. The district court[1] found that the policy in issue did not provide coverage. We affirm, based on the language of the insurance contract.

A jury returned a verdict of $1,228,000 in compensatory damages and $200,000 in punitive damages against Union L.P. Gas (Union) after the company was involved in a gas explosion. Union paid the punitive damages judgment and applied to its excess insurance carrier, International Surplus Lines Insurance Company (International), for reimbursement.[2] International denied coverage and Union brought suit.

The district court concluded that the International policy is a standard bodily injury and property damage policy which does not provide coverage for punitive damages as a matter of Missouri law. On appeal, Union asserts that the definition of "loss" included in the International policy covers payment of punitive damage awards. Union also argues that insurance coverage of punitive damages is not against Missouri public policy.[3]

The policy issued by International is clearly an excess policy. The insuring agreement indicates that the purpose of the policy is "[t]o indemnify the insured for the amount of loss which is in excess of the applicable limits of liability of the underlying insurance * * *." The excess policy refers to and incorporates by reference the immediate underlying policy issued by Southern American Company, which provides the following coverage:

I. COVERAGE

To indemnify the insured for ultimate net loss in excess of the retained limit hereinafter stated which the insured may sustain by reason of liability imposed upon the insured by law or assumed by the named insured under contract:

(a) Personal Injury Liability

For damages including damages for care and loss of services because of personal injury, including death at any time resulting therefrom, sustained by any person or persons and caused by an occurrence;

(b) Property Damage Liability

(1) For damages because of injury to or destruction of tangible property including loss of use resulting therefrom caused by an occurrence;

(2) For damages because of loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence[.]

Union notes that the International policy defines loss broadly as "the sums paid as

* THE HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Russell G. Clark, United States Senior District Judge for the Western District of Missouri.

2. At the time of the explosion, Union had a $250,000 retention responsibility, Southern American Insurance provided $1,000,000 of coverage above the retention limit, and International provided an additional $9,000,000 above Southern American's coverage. Both the $250,-000 retention and the $1,000,000 policy have been fully expended. Only the excess policy is at issue here.

3. Because we find that the insurance policy in question does not provide coverage for awards of punitive damages, we need not decide whether punitive damages coverage is void as against Missouri public policy.

damages in settlement of a claim or in satisfaction of a judgment for which the insured is legally liable * * * " and argues that this definition of loss covers punitive damages. The language in the International policy, however, cannot be read in isolation. The excess policy provided by International relies for its definition of damages on the underlying policy issued by Southern American.

Reading both policies together, they provide standard bodily injury and property damage coverage. Under Missouri law, an insurance policy which covers bodily injury and property damage does not cover punitive damages unless other language in the policy provides for payment of punitive damages. *Schnuck Markets, Inc. v. TransAmerica Insurance Co.*, 652 S.W.2d 206, 208–09 (Mo.App.1983); *Crull v. Gleb*, 382 S.W.2d 17, 23 (Mo.App.1964). We find no such language here, and therefore affirm the district court.